UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TUCKER, | Civil Action No. 13-2908 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHARLES WARREN, JR., et al., | |
| Respondents. | |

      This matter has been opened to the Court by Petitioner's submission of a "Motion to File a Notice of Appeal Out of Time[.]" (ECF No. 27.) For the reasons stated in this Memorandum Opinion, the Court finds that it is without discretion under Fed. R. App. P. 4 to grant Petitioner's motion; out of an abundance of caution, however, the Court will deny the Petitioner's motion <u>without prejudice</u> and provide him with 30 days in which to submit a new motion that sets forth facts showing that he meets the requirements for either an extension of time or the reopening of time for appeal under Fed. R. App. P. 4.

      The Court recounts only the facts necessary to rule on the instant motion. On May 25, 2016, the Court issued an Opinion and separate Order, denying Petitioner's habeas petition and denying a certificate of appealability. (ECF Nos. 21, 22.) More than three months later, Petitioner submitted a Notice of Appeal of the Court's May 25, 2016 Order. The Notice of Appeal is dated September 1, 2016, and was docketed on September 22, 2016. (ECF No. 23.) Together with his Notice of Appeal, Petitioner also filed an application to proceed *in forma pauperis* ("IFP") on appeal, which included a signed Affidavit stating that Petitioner handed the

1

Notice of Appeal and IFP application to prison officials for filing on September 1, 2016. (*See* ECF No. 24, at 6.) Petitioner's IFP application was granted by the Court on October 5, 2016 (ECF No. 25), and was docketed with the Third Circuit on the same date. (*See* Civ. App. No. 16-3789, at Dkt. Ent. 1.) On October 6, 2016, the Third Circuit Legal Division sent a letter to Petitioner advising that the case had been listed for possible dismissal due to jurisdictional defect, and advising that the case would be submitted to a panel for a decision on the issuance of certificate of appealability. (*Id.*, at Dkt. Ent. 2.)

On November 4, 2016, Petitioner filed a Motion for Leave to File an Appeal out of Time in the District Court. (ECF No. 27.) In support of his motion, Petitioner has filed a signed Affidavit, dated October 17, 2016, which states in relevant part as follows:

> 3. I have very little knowledge of the law and am not capable of pursuing this matter on my own, as such; I have been receiving assistance from the Inmates Legal Association, Inc. (ILA) with this matter, here at the prison.
>
> 4. Each time I receive any legal documents from the Court, I had to put in a G-27 Legal Request Slip to be scheduled to see a paralegal to obtain assistance with this matter.
>
> 5. Once my G-27 Legal Request Slip is processed[,] I am then placed on the travel log for all inmate passes, and only get a 1 hour visit to the ILA office.
>
> 6. On May 25, 2016, the Honorable U.S.D.C. entered an order in the above matter.
>
> 7. In June 2016, while housed in administrative segregation I received the order and I had to submit a G-27D Request for Legal Assistance slip for a paralegal here at New Jersey State Prison to assist me with my Notice of Appeal.
>
> 8. Due to the problems of the legal access program here in New Jersey State Prison. My Request for Legal Assistance slips was [sic] not being turned in.
>
> 9. After being released from administrative segregation, I went to the prison law library and had a paralegal for the ILA submit a Notice of Appeal for me.

2

    10. On October 6, 2015, I received a letter from Ms. Marcia M. Waldron, Clerk, stating that the Court of appeal lacks jurisdiction.

(ECF No. 27, ¶¶ 3-10.) Respondent has not filed opposition or otherwise responded to Petitioner's motion for an extension of time to appeal.

  The instant motion is governed by Fed. R. App. P. 4. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). "[W]hen an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." *Id.*[1] In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c),[2] the notice of appeal required by Rule 3 must be filed with the

---

[1] *See also Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 356 n.9 (3d Cir. 2011), as amended (Oct. 10, 2012) ("The plain text of Rule 26(b), which permits a court of appeals to extend the time prescribed by the Appellate Rules 'to perform any act, or may permit an act to be done after that time expires,' explicitly states that it may not extend the time to file a notice of appeal, a petition for permission to appeal, a petition for review") (citing Fed. R. App. P. 26(b)(1)-(2)).

[2] Rule 4(c) applies to prisoners, such as Petitioner, and provides as follows:

> (c) Appeal by an Inmate Confined in an Institution.
>
> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
>
> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

As explained below, the Court assumes for purposes of this Memorandum Opinion that Petitioner submitted his Notice of Appeal to prison officials for the first time on September 1, 2016, as set out in the Affidavit submitted with his IFP application. (ECF No. 24, at 6.) To the

3

district clerk within 30 days after entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(a)(1). As explained below, Rule 4 sets out two relevant avenues for enlarging the time for filing an appeal.[3]

First, the District Court may <u>extend</u> the time for filing an appeal under limited circumstances. "Rule 4(a)(5)(A) states, '[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; <u>and</u> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.'" *See Allen v. Vaughn*, 298 F. App'x 130, 133 (3d Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A); *see also Ostuni v. WaWa's Mart*, 516 F. App'x 89, 90 (3d Cir. 2013). Under the Rule, "[n]o extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Second, "Fed. R. App. P. 4(a)(6) provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk." *Abulkhair v. Liberty Mut. Ins. Co.*, 405 F. App'x 570, 573 (3d Cir. 2011) (citing *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995)). Under subsection 4(a)(6), a district court is permitted to <u>reopen</u> the time to file an appeal under extremely narrow circumstances:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but

---

extent Petitioner submits a new motion that provides a different date on which he submitted his Notice of Appeal for filing, he must provide supporting documentation as required by Rule 4(c) and explain the discrepancy in filing dates.

[3] The time to appeal may also be extended under the Rule if the Court failed to set forth a judgment or order on a separate document as required by Fed. R. Civ. P. 58(a). See Fed. R. App. P. 4(a)(7)(A). This subsection is inapplicable here because the Court entered a separate Order. (*See* ECF No. 22.)

> only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[4] of the entry of the judgment or order sought to be appealed within 21 days after entry;(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). As the text of the Rule makes clear, "[t]he motion to reopen must be filed <u>by the earlier of</u> 180 days following entry of the judgment or order or fourteen days after the party receives notice of its entry." *Abulkhair*, 405 F. App'x at 573 (emphasis added) (citing Fed. R. App. P. 4(a)(6)(B)).

Here, it appears that the Court is without discretion under Rule 4 to enlarge Petitioner's time for appeal. Petitioner has submitted a sworn Affidavit with his IFP application stating that he submitted his Notice of Appeal to prison officials for filing on September 1, 2016 (*see* ECF No. 24, at 6), ninety-nine days after the Court issued its Opinion and Order denying his habeas petition. Thus, even if Petitioner established excusable neglect or good cause for the delay in filing his Notice of Appeal, the Court may not extend the time to file his appeal under Rule 4(a)(5)(A) because he submitted his appeal more than 30 days after the time prescribed by Rule 4(a) expired, *i.e.*, more than 60 days after the Court issued its May 25, 2016 Order denying his habeas petition and a certificate of appealability.

It also appears that the Court may not reopen the time to file Petitioner's appeal under subsection 4(a)(6) because it appears that Petitioner did not file his appeal within 14 days after receiving notice of the Court's May 25, 2016 Order. Petitioner states in his Affidavit

---

[4] Rule 77(d) provides that, "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." Fed. R. Civ. P. 77(d)(1).

accompanying the instant motion that he received notice of the Court's May 25, 2016 Order denying his Petition and denying the certificate of appealability in "June 2016[.]" (ECF No. 27, ¶ 7.) Assuming for purposes of this Memorandum Opinion that Petitioner received notice of the Court's Order on the last day of June, *i.e.*, June 30, 2016, he was required under Rule 4 to hand his Notice of Appeal to Prison Officials for filing within 14 days of receiving such notice, or by July 14, 2016. *See, e.g., Paige v. Holt*, 439 F. App'x 169, 171 (3d Cir. 2011) (explaining that the due date for a motion under Rule 4(a)(6)(B) is 180 days from the date of judgment or 14 days from the date of notice, whichever is earlier). Petitioner's Affidavit submitted in connection with this motion does not provide the date on which he submitted his Notice of Appeal and states only the following: "After being released from administrative segregation, I went to the prison law library and had a paralegal for the ILA submit a Notice of Appeal for me." (ECF No. 27, ¶ 9.) As noted above, however, Petitioner's Affidavit submitted in connection with his IFP application on appeal states that Petitioner handed his Notice of Appeal to prison officials for filing on September 1, 2016, well beyond the 14-day period established by Rule 4.

The Court also notes that Petitioner has provided facts in his Affidavit submitted in connection with the instant motion suggesting that he filed his appeal late because (1) he was housed in administrative segregation and (2) his requests for legal assistance in filing his appeal went unanswered by prison officials. (ECF No. 27, ¶¶ 7-9.) Had Petitioner submitted his appeal to prison officials for filing within the time period prescribed under Rule 4(a)(5), these facts may have been sufficient to establish good cause or excusable neglect, thus permitting the Court to grant his motion for an extension of time. Here, however, based on the information in Petitioner's sworn Affidavits, he does not appear to meet the requirements of either Fed. R. App.

P. 4(a)(5) or 4(a)(6), and the Court is without discretion under Rule 4 to grant his motion for an extension of time.

Because Petitioner has already provided the Court with the relevant dates, albeit in separate Affidavits, it appears unlikely that Petitioner will be able to provide additional facts that would allow him to meet the requirements of Fed. R. App. P. 4(a)(5) or 4(a)(6); however, out of an abundance of caution, the Court will deny his "motion to file a notice of appeal out of time" without prejudice and permit Petitioner to file a new motion within 30 days of his receipt of this Memorandum Opinion and Order to the extent he is able to provide facts showing that he meets the requirements for an extension of time under Fed. R. App. P. 4(a)(5) or (a)(6). His new motion must be accompanied by a sworn affidavit, and supporting documents, as required by Rule 4(c). An appropriate Order follows.

**DATED**: December 14, 2016    /s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge