# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TUCKER,<br><br>Petitioner,<br><br>v.<br><br>CHARLES WARREN, JR., et al.,<br><br>Respondents. | Civil Action No. 13-2908 (FLW)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner's submission of a second "Motion to File a Notice of Appeal Out of Time[.]" (ECF No. 30.) It appearing that:

1. On May 25, 2016, the Court issued an Opinion and separate Order, denying Petitioner's habeas petition and denying a certificate of appealability. (ECF Nos. 21, 22.)

2. Petitioner's Notice of Appeal of the Court's May 25, 2016 Order is dated September 1, 2016, and was docketed on September 22, 2016. (ECF No. 23.) Together with his Notice of Appeal, Petitioner also filed an application to proceed *in forma pauperis* ("IFP") on appeal, which included a signed statement stating that Petitioner handed his Notice of Appeal and IFP application to prison officials for filing <u>on September 1, 2016</u>. (*See* ECF No. 24, at 6 (emphasis added).) Petitioner's IFP application was granted by the Court on October 5, 2016 (ECF No. 25), and was docketed with the Third Circuit on the same date. (*See* Civ. App. No. 16-3789, at Dkt. Ent. 1.) On October 6, 2016, the Third Circuit Legal Division sent a letter to Petitioner advising that the case had been listed for possible dismissal due to jurisdictional defect, and

advising that the case would be submitted to a panel for a decision on the issuance of certificate of appealability. (*Id.*, at Dkt. Ent. 2.)

3. On November 4, 2016, Petitioner submitted a "Motion for Leave to File an Appeal out of Time in the District Court." (ECF No. 27.) After analyzing Petitioner's submissions and the relevant sections of Rule 4, the Court determined that it appeared to be without discretion under Fed. R. App. P. 4 to grant Petitioner's motion; by Order dated December 14, 2016, the Court denied Petitioner's motion <u>without prejudice</u> and provided him with 30 days in which to submit a new motion that sets forth facts showing that he meets the requirements for either an extension of time or the reopening of time for appeal under Fed. R. App. P. 4. (*See* ECF Nos. 28-29.)

4. On January 12, 2017, Petitioner submitted for filing a second "Motion to File a Notice of Appeal Out of Time," which was docketed on January 20, 2017. (ECF No. 30.) In his Certification ("January 12, 2017 Certification"), Petitioner states in relevant part:

> 1. On May 25, 2016, the Honorable U.S.D.C. entered an order in the above matter, and due to my lack of knowledge of the law I was not capable of pursuing this matter on my own, and as such; I reached out to a paralegal of the Inmate Legal Association, Inc. (See Certification of James Martin).
>
> 2. Due to Mr. Martin's placement in administration, he was in possession of all my legal paperwork and <u>I was forced to turn to another prison paralegal to file my notice of Appeal late.</u>
>
> 3. Due to the problems of the legal access program here in New Jersey State Prison. My Request for Legal Assistance slips was not being turned in.
>
> 4. <u>On or about June 20, 2016, my notice of appeal was filed without any exhibits.</u>

(ECF No. 30-1 Petitioner's Affidavit at ¶¶ 3-6 (emphasis added).) Petitioner also submitted a certification from Mr. Martin in support of his contention that Petitioner's legal materials were with Mr. Martin when Mr. Martin was placed in administrative segregation. (*See* ECF No. 30-

2

3.) Notably, Petitioner appears to assert in the January 12, 2017 Certification that he "filed" his Notice of Appeal on June 20, 2016, despite his earlier Affidavit stating that he submitted his Notice of Appeal for filing on September 1, 2016.[1] To the extent Petitioner actually submitted his Notice of Appeal to prison officials for filing on June 20, 2016, his submission would be timely under Fed. R. App. P. 4(a)(1), only if he had also satisfied the requirements of subsection 4(c). Rule 4(c) applies to prisoners, such as Petitioner, and provides as follows:

> (c) Appeal by an Inmate Confined in an Institution.
>
> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
>
> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

*Id.* (emphasis added).[2]

---

[1] It is possible that Petitioner meant to state "on or about September 20, 2016," which would be more consistent with his earlier submissions, as his Notice of Appeal was docketed on September 22, 2016.

[2] The Court assumes for purposes of this motion that the recent amendments to Rule 4 apply to Petitioner's appeal. *See* § 3950.12 Appeal by Institutional Inmates, 16A Fed. Prac. & Proc. Juris. § 3950.12 (4th ed.) ("The Supreme Court's order promulgating the 2016 amendments to the Appellate Rules provides that the amendments 'shall take effect on December 1, 2016, and shall govern in all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.'") (citing Appellate Rule 4(c)(1)(B)).

5. Petitioner's new allegation regarding the date on which his submitted his Notice of Appeal is unsupported, contradicts his earlier sworn statement, and fails to comply with Rule 4(c). Petitioner previously submitted a signed statement declaring that he submitted his Notice of Appeal to prison officials for filing on September 1, 2016 (ECF No. 24, at 6), and he moved to extend the time for filing his appeal based on his belated submission of that Notice of Appeal. (ECF No. 27.) The Court denied the motion because Petitioner did not meet requirements to extend or reopen the time to appeal under Rule 4. (*See* ECF Nos. 28-29.) In his January 12, 2017 Certification, Petitioner states that he filed his Notice of Appeal "late" but also states that he "filed" his Notice of Appeal "on or about June 20, 2016[.]" (ECF No. 30-1 at ¶¶ 4, 6.) The Court has no record of an Notice of Appeal submitted on that date, and Petitioner's January 12, 2017 Certification does not state that the Notice of Appeal was deposited in the institution's mail system on June 20, 2016 or attest to the prepayment of first-class postage, as required by Rule 4(c). Thus, Petitioner's Certification does not even belatedly comply with Rule 4(c).[3] For these reasons, the Court will deny Petitioner's "Motion to File a Notice of Appeal Out of Time[.]" (ECF No. 30.) An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

---

[3] The Court notes that Rule 4(c)(1)(B) does not provide the district court with discretion to accept the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i), as that discretion is provided only to the circuit court.